## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-421-GPM |
| | ) | |
| DAN CHIARELLA, MEARL JUSTUS, in | ) | |
| his capacity as Sheriff of St. Clair County, | ) | |
| Illinois, and ST. CLAIR COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court on a procedural defect in removal. Plaintiff Ashley Jones alleges that, while an inmate of the St. Clair County Jail in 2009, she was sexually abused by Defendant Dan Chiarella, at that time an employee of the jail. Count I of Jones's complaint asserts a claim against Chiarella and Defendant Mearl Justus under 42 U.S.C. § 1983 for violation of Jones's civil rights by persons acting under color of state law. The remaining counts of Jones's complaint assert various causes of action under Illinois law against Chiarella, Justus, and Defendant St. Clair County, Illinois ("the County"). This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court in a timely manner by Justus and the County, with federal subject matter jurisdiction being alleged pursuant to 28 U.S.C. § 1331. The Court's preliminary review of the notice of removal in this case discloses a procedural defect in the removal which, the Court concludes, must be addressed by the parties to this case.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, of course, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "As a rule, '[a] suit arises under the law that creates the cause of action.'" *Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171, at *1 (S.D. Ill. Apr. 21, 2010) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Here, as noted, Count I of Jones's complaint asserts a claim under a federal statute, 42 U.S.C. § 1983, and therefore this action arises under federal law; the Court has supplemental jurisdiction as to Jones's pendent state-law claims. *See* 28 U.S.C. § 1367. "The party seeking removal . . . bears the burden of showing that all of the statutory requirements for removal are satisfied, and any doubts about the propriety of removal are resolved in favor of remand to state court." *Ursch v. Detailers & More, Inc.*, Civil No. 09-913-GPM, 2009 WL 3678254, at *1 (S.D. Ill. Nov. 3, 2009).

Under the federal common-law "rule of unanimity," of course, all defendants in a case that have been properly joined and served when the case is removed to federal court must join in or consent to the removal. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272-73 (7th Cir. 1982); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Springman v. AIG Mktg., Inc.*, No. 07-737-GPM, 2007 WL 3406927, at *3 (S.D. Ill. Nov. 14, 2007). The unanimity rule applies in actions removed, as is the case here, in so-called "federal question" jurisdiction. *See Darras v. Trans World Airlines, Inc.*,

617 F. Supp. 1068, 1069 (N.D. Ill. 1985); *Aguiar v. Evans*, 607 F. Supp. 1418, 1419-20 (E.D. Va. 1985); *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F. Supp. 975, 984-85 (D.N.J. 1949) (citing *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900)).[1]  In their notice of removal, Justus and the County allege that Chiarella's consent to the removal of this case is not required because Chiarella has not appeared, but this is not the test.  Instead, as discussed, Chiarella's consent may be dispensed with only if Chiarella was not served when this case was removed; however, Justus and the County do not allege this.  The Court is required, naturally, to resolve all doubts about the propriety of the removal of this case most strongly against removal and in favor of remand to state court.  *See LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1044 (S.D. Ill. 2006) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)) ("'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'  Put another way, there is a strong presumption in favor of remand.").  On the state of the record in this case it appears that Chiarella has not given the requisite consent to removal of the case, and the removal therefore is procedurally defective.  *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062-63 (S.D. Ill. 2006) (a removal is procedurally defective if a properly joined and served defendant fails to consent to the removal) (collecting cases).

---

1.   It perhaps is worth noting that, although the unanimity rule applies in cases removed in federal question jurisdiction, the so-called "forum defendant" rule does not.  *See LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir.1994); *Gragg v. Alfa Laval, Inc.*, Civil No. 09-773-GPM, 2009 WL 4110389, at *2 (S.D. Ill. Nov. 20, 2009); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *3 (S.D. Ill. Nov. 7, 2009).  Accordingly, the Court does not inquire into the fact that Justus and the County have removed this case to a federal court in the state of which they are citizens and where this case was brought.  *See Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) (citing *Moor v. Alameda County*, 411 U.S. 693 (1973)) (a county is deemed to be a citizen of the state where it is located for purposes of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332); *Will County v. Johnson*, No. 09 C 7878, 2010 WL 780385, at *4 (N.D. Ill. Mar. 4, 2010) (same).

The United States Court of Appeals for the Seventh Circuit encourages district judges to notice procedural defects in removal sua sponte. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service." *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). By the same token, however, a district judge may not remand a case to state court sua sponte on the basis of a procedural defect in the removal of the case. The reason is that such defects are waived if not objected to by a plaintiff within thirty days of removal. *See* 28 U.S.C. § 1447(c); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *3 (S.D. Ill. July 31, 2009) (citing *Continental Cas.*, 29 F.3d at 293-95); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1006 (S.D. Ill. 2007). Correspondingly, a plaintiff whose case finds its way into federal court via removal may wish to waive a procedural defect in removal and stay in federal court. As the Seventh Circuit Court of Appeals explained in *Continental Casualty*, "[e]ver since *Ayers v. Watson*, 113 U.S. 594, 5 S. Ct. 641, 28 L. Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum." 29 F.3d at 294. "Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum." *Id.* (citing Fed. R. Civ. P. 12(h)(1)) (emphasis in original). *See also Dudley v. Putnam Int'l Equity Fund*, Civil No. 10-328-GPM, 2010 WL 1838255, at *4 (S.D. Ill. May 5, 2010) (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993)) ("Where a removed plaintiff, by its inaction, has acquiesced

in federal jurisdiction . . . it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum."). Accordingly, *Continental Casualty* teaches, upon noticing a procedural defect in the removal of a case a district court "should alert the parties" to the case about the defect in removal, instead of remanding the case, so that the plaintiff or plaintiffs can make an informed decision about whether to remain in federal court. 29 F.3d at 295.

Consistent with the procedure recommended by the Seventh Circuit Court of Appeals in *Continental Casualty*, having noticed what appears to be a procedural defect in the removal of this case, Chiarella's failure to consent to or otherwise join in the removal, the Court will take appropriate action to ascertain whether Jones intends to waive the defect in the removal of this case and acquiesce in federal jurisdiction, or whether Jones prefers instead to seek remand on the basis of the defect. Thus, the Court will direct Jones to file either a motion for remand of this case to state court on the basis of the procedural defect in the removal of the case outlined in this Order or a written consent to removal. Naturally, if Chiarella in fact was not served at the time this case was removed, it is incumbent upon Justus and the County, the parties that, as already has been discussed, have the burden of proof as to the propriety of the removal of this case, promptly to notify the Court that Chiarella was not served when the case was removed through, for example, an affidavit from counsel for Justus and the County attesting that a return of service for Chiarella is not contained in the state-court file for this case. Assuming that Chiarella in fact was served when this case was removed, the Court believes that prompt resolution of the matter of Jones's consent or non-consent to the removal of this case will avoid unnecessary procedural wrangling about the correct forum, state or federal, for the case and ensure that, if this case is to proceed in federal court, it does so with Jones's agreement. Naturally, if Jones does not consent to the removal of this case, she can assert

in her Court-ordered submission any grounds for remand that she believes are germane in addition to the one discussed in this Order.  The Court also will grant leave to Justus and the County to submit an explanation, if any, for the procedural defect in the removal of this case discussed in this Order.

To conclude, for the reasons stated above, it is hereby **ORDERED** as follows.  No later than Wednesday, June 16, 2010, at 12:00 noon Jones **SHALL** file either:  a motion for remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of the procedural defect in the removal of this case addressed in this Order, to wit, the failure of Chiarella to consent to or otherwise join in the removal of this case, together with any other grounds for remand Jones may wish to assert; or a written consent to the removal.  No later than Wednesday, June 16, 2010, at 12:00 noon Justus and the County **SHALL** file any explanation they may have for the procedural defect in the removal of this case discussed in this Order.  The parties' submissions should not exceed twenty (20) pages in length.

**IT IS SO ORDERED.**

DATED:  June 11, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge